UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )   No. CR02-5468RSL
                                        )
            Plaintiff,                  )
      v.                                )
                                        )   ORDER DENYING MOTION TO
                                        )   DISMISS ALLEGED VIOLATIONS
FREDRICK JEROME YOUNG,                  )   OF SUPERVISED RELEASE
                                        )
                                        )
            Defendant.                  )
_____)

      This matter comes before the Court on defendant's "Motion and Memorandum to Dismiss Alleged Violations of Supervised Release" (Dkt. # 32) ("Motion"). Defendant began a three year period of supervised release on January 12, 1999. See Motion at 2. Defendant is now before the Court on allegations of violating his supervised release. A warrant was properly issued on December 13, 2004 for defendant's arrest. See Response at 5 n.5. Defendant contends that his supervised release period ended on January 12, 2002, three years from the date of his initial release, and therefore, the Court lacks jurisdiction over him in this matter. See Motion at 1. The United States argues that the release period tolled when the defendant was reimprisoned, thus defendant was still under supervised release when the warrant was issued, notwithstanding the fact that more than three years had elapsed since defendant was initially released. See Response at 4-5.

ORDER DENYING MOTION TO DISMISS ALLEGED
VIOLATIONS OF SUPERVISED RELEASE

When an individual on supervised release returns to prison, the term of supervised release is tolled. 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, state, or local crime unless the imprisonment is for a period of less than 30 consecutive days."). The United States offers evidence that defendant has been imprisoned multiple times since his initial release in January 1999. See Response at 1-3. The Court finds that, if the United States can substantiate defendant's imprisonment in California,[1] there is sufficient evidence to show that the period of supervised release was tolled through at least December 2004. Therefore, defendant was still under supervised release when Judge Tanner issued the December 13, 2004 warrant.

For the foregoing reasons, the defendant's Motion to Dismiss Alleged Violations of Supervised Release is DENIED without prejudice. Should the United States fail to provide documentation of defendant's imprisonment in California, the defendant may renew his Motion to Dismiss.

DATED this 3rd day of May, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The United States has represented that the California Department of Corrections sent documentation of the California imprisonment to the U.S. Attorney's Office in Seattle on April 25, 2005. See Response at 3 n.3.

ORDER DENYING MOTION TO DISMISS ALLEGED
VIOLATIONS OF SUPERVISED RELEASE          -2-